UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AVERY CORBITT,

        Petitioner,

vs.                                  Case No. 3:20-cv-728-BJD-JBT

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.

_____

## ORDER

## I.   INTRODUCTION

    Petitioner Avery Corbitt, an inmate of the Florida penal system, filed a pro se petition for writ of habeas corpus (Petition) (Doc. 1) pursuant to the mailbox rule on June 17, 2020.   He is proceeding on an Amended Petition (Amended Petition) (Doc. 6).   He challenges his state court (Putnam County) conviction for second degree felony murder by another and attempted first degree murder.   Id. at 1.

Respondents filed an Amended Response to Amended Petition (Response) (Doc. 14), asserting the federal petition is time-barred and due to be dismissed as untimely.[1]  Petitioner filed a Response (Reply) (Doc. 18).

## II.   TIMELINESS

Respondents assert the Petition is untimely.   Response at 9-21.   In his Amended Petition, Petitioner concedes that his petition is untimely filed beyond the Antiterrorism and Effective Death Penalty Act (AEDPA) one-year statute of limitation.   Amended Petition at 13.   He does not assert that statutory or equitable tolling should apply.   Id.   Instead, he claims actual innocence as a gateway claim.   Id.

Under AEDPA,

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of -
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of

---

[1]  Respondents filed an Appendix (Doc. 14), and the Court will refer to the exhibits in the Appendix as "Ex."  Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page.   Otherwise, the page number on the particular document will be referenced.   The Court will reference the page numbers assigned by the electronic docketing system for the Petition, Amended Petition, Response, and Reply.

the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Thus, pursuant to AEDPA, effective April 24, 1996, Petitioner had one-year to file a timely federal petition pursuant to 28 U.S.C. § 2254. Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999), cert. denied, 528 U.S. 1058 (2000) (same). Review of the record shows Petitioner failed to comply with the limitation period described above.

After judgment and conviction, Petitioner appealed to the Fifth District Court of Appeal (5th DCA). Ex. G; Ex. H (Anders brief);[2] Ex. J. On February 11, 2014, the 5th DCA affirmed per curiam. Ex. K; Corbitt v. State, 134 So.

---

[2] Anders v. Cal., 386 U.S. 738 (1967).

3d 474 (Fla. 5th DCA 2014) (per curiam).   The mandate issued March 7, 2014. Ex. L.   On July 10, 2014 Petitioner filed a petition for writ of certiorari.   Ex. M.   On October 6, 2014, the United States Supreme Court denied the petition. Ex. N.

The conviction became final on October 6, 2014.   See Gonzalez v. Thaler, 565 U.S. 134, 149 (2012) (a petition becomes final when the United States Supreme Court denies a petition for a writ of certiorari, if sought).   The limitation period began running the following day, October 7, 2014, and ran for a period of 48 days, until Petitioner filed a Motion for Mitigation of Sentence under Fla. R. Crim. P. 3.800(c) on November 24, 2014.[3]   Ex. O.   On January 7, 2015, the circuit court entered its order denying the motion for mitigation and the clerk docketed the order on January 9, 2015.   Ex. P.   The limitation period began to run the following day, January 10, 2015 and ran for 317 days until the limitation period expired on Monday, November 23, 2015.

Petitioner filed a state petition for writ of habeas corpus on May 19, 2016 pursuant to the mailbox rule, but this petition did not toll the federal one-year limitation period because it had already expired.   Ex. Q.   See Webster v.

---

[3] The Court will give Petitioner the benefit of the mailbox rule.   Although the motion is dated November 25, 2014, the date stamp provided by the prison is dated November 24, 2014. Ex. O.

<u>Moore</u>, 199 F.3d 1256, 1259 (11th Cir.) (per curiam) (state petitions must be pending in order to toll the limitations period), <u>cert. denied</u>, 531 U.S. 991 (2000).   He filed a Rule 3.850 motion on March 31, 2017 pursuant to the mailbox rule, but the motion did not toll the federal one-year limitation period because it had already expired.   Ex. U.   See <u>Tinker v. Moore</u>, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must file the motion within one year after his conviction becomes final in order to toll the one-year limitation period), <u>cert. denied</u>, 534 U.S. 1144 (2002).   Here, there was no period remaining when Petitioner submitted his state petition for writ of habeas corpus or his Rule 3.850 motion; therefore, there was nothing to be tolled.   As such, the Petition is untimely.

Petitioner filed his initial petition in this Court on June 17, 2020.   Based on the above, the Court finds it is untimely filed.

### III.   FUNDAMENTAL MISCARRIAGE OF JUSTICE

Based on the history outlined above, the petition is untimely and due to be dismissed.   Petitioner claims he is actually innocent of the crimes of second-degree felony murder by another and attempted first degree murder.   Petition at 5, 13-14.   Actual innocence may provide a gateway to obtain a decision on the merits of a petition on an otherwise time-barred claim.   However, to

invoke the fundamental miscarriage of justice exception to AEDPA's statute of limitations, a habeas petitioner must make a credible showing of actual innocence with new evidence that was not available at the time of his trial. See McQuiggan v. Perkins, 569 U.S. 383, 395 (2013) (restricting the miscarriage of justice exception to a severely confined category of cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner).

Therefore, in order to meet this difficult standard to overcome a procedural bar, Petitioner must present new evidence that was not available at the time of trial, and it must be "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). In order to meet this standard, a petitioner must actually offer new evidence. Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir.), cert. denied, 568 U.S. 914 (2012).

Petitioner suggests that his defense counsel should have called Emmanuel Espinoza, the brother of the deceased victim, to testify at trial. However, this does not constitute new evidence as Petitioner states Mr. Espinoza was arrested and questioned. Reply at 2. Moreover, Petitioner alleges Mr. Espinoza "was interviewed by detectives and then by prosecutors

**and both parties knew** that his testimony would help me[.]" <u>Id</u>.   As such, Petitioner has not offered new reliable evidence that was not available at the time of trial.   The evidence he references was in existence at the time of trial and known by both parties.

Here, Petitioner points to no new evidence that was not available at the time of trial.[4]   He has not presented any new exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.   This lack of new evidence is fatal to his actual innocence contention.

---

[4] The trial had commenced and was well underway when defense counsel announced to the court that Petitioner was ready to plead to two counts.   Ex. B at 3-4.   Petitioner pled to two offenses in exchange for a bargain with the state.   The state agreed to drop the three remaining counts on the information.   <u>Id</u>. at 9.   The state also agreed to waive the 25-year minimum mandatory.   <u>Id</u>.   Petitioner entered a plea of no contest.   <u>Id</u>. at 13.   The court advised Petitioner that he faced a sentencing range of 16.85 years to a maximum of life.   <u>Id</u>. Petitioner confirmed that he understood that he faced a maximum penalty of life on each offense.   <u>Id</u>. at 15.   Petitioner told the court no threats, intimidation or promises other than the plea agreement had been made.   <u>Id</u>. at 17.   Petitioner said he believed the plea was in his best interest.   <u>Id</u>.   The state provided a factual basis for the plea.   <u>Id</u>. at 18-19.   The court asked if Petitioner shot Detective Tiller, and Petitioner responded affirmatively, under oath.   <u>Id</u>. at 12, 19-20.   The defense made no objection to the proffer.   <u>Id</u>. at 20.   The defense announced it was prepared to stipulate "that if a jury were to believe to be true certain facets of the – of the testimony and evidence that was submitted, that it would support each and every element of the two charges that – to which he is pleading."   <u>Id</u>.   Additionally, part of the plea agreement was that if Petitioner attempted to withdraw his plea, the standard applied would be the standard applied post-sentencing.   <u>Id</u>. at 22-23.   At sentencing, the court commented that, "the reason you entered the plea is because the evidence was overwhelming."   Ex. D at 58.   The court adjudicated Petitioner guilty of the two counts and sentenced him to concurrent life terms with no 25-year minimum mandatory for the firearms.   <u>Id</u>. at 59-60.   Petitioner received the benefit of the bargain.

Based on the record before the Court, Petitioner has not presented any justifiable reason why the dictates of the one-year limitation period should not be imposed upon him.  He has failed to make a credible showing of actual innocence by failing to offer new evidence that is directly probative of his innocence.  The Court concludes Petitioner has failed to meet the standard of <u>Schlup</u> and its progeny and, as a result, has not met his burden to satisfactorily invoke the actual-innocence-gateway exception.[5]

In conclusion, because Petitioner has not shown an adequate reason why the dictates of the one-year limitation period should not be imposed upon him, he is not excused from complying with the time constraints for filing a federal petition.  28 U.S.C. § 2244(d).  As such, the Court will dismiss the Amended Petition and this case with prejudice as untimely.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.    The Amended Petition (Doc. 6) and the case are **DISMISSED with prejudice.**

---

[5]  To the extent he is claiming ineffective assistance of counsel, <u>see</u> Reply, this claim goes to legal innocence, not factual innocence.  <u>See</u> <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998) (actual innocence "means factual innocence, not mere legal insufficiency"); <u>Rozzelle</u>, 672 F.3d at 1012-13 (recognizing the important factual/legal distinction).

2.     The **Clerk** shall enter judgment dismissing the Amended Petition (Doc. 6) with prejudice and dismissing the case with prejudice.

3.     The **Clerk** shall close the case.

4.     If Petitioner appeals the dismissal of the Amended Petition (Doc. 6), **the Court denies a certificate of appealability**.[6]   Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.   Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of February, 2023.

BRIAN J. DAVIS
United States District Judge

---

[6]  This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).   Upon due consideration, this Court will deny a certificate of appealability.

sa 2/15
c:
Avery Corbitt
Counsel of Record